LILLIAN G. MCEWAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

A. F. MCEWAN, PETITIONER, *v.* COMMISSIONER OF INNTERNAL REVENUE, RESPONDENT

ANNA B. MCEWAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ANNA B. MCEWAN AND LEO S. BLACK AS EXECUTORS OF THE WILL OF W. H. MCEWAN (DECEASED), PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 25994–25997. Promulgated July 27, 1932.

*R. H. Evans, Esq.*, for the petitioners.
*T. M. Mather, Esq.*, for the respondent.

730

#### OPINION.

MATTHEWS: The value of the Tyee stock in 1913 held by the Wolverine and sold in 1922 on the dissolution of the latter corporation, in the absence of evidence of any previous sales of the stock around 1913, and of any evidence on the value in 1913 of the stock of Sutton, 25 per cent of whose stock constituted assets of Tyee, must be determined by the value of the underlying assets of the several corporations. *George M. Wright*, 19 B. T. A. 541, 548; *Nathaniel J. Hess*, 24 B. T. A. 475. It was admitted by respondent in the pleadings and again at the hearing that no question as to value of assets arose save as to the Vancouver Island timber holdings of the Sutton Company, upon which the respondent placed a March 1, 1913, value of $1,200,000 calculated on the basis of 2,000,000,000 board feet at 60 cents per M feet. The petitioner contends that the value should

be $1,718,547, based on 2,291,396,000 board feet at 75 cents per M feet. The issue, therefore, becomes solely one of fact and, since we have found for the petitioner on both facts in issue, extended comment is unnecessary.

Respondent admitted in his brief that the "quantity of timber shown by Gardiner & Baxter's cruise is correct." Since the cruise was made in 1922 and the timber for the most part was a virgin stand, this is tantamount to an admission that there were at least as many board feet in the holdings on March 1, 1913, as in 1922; and leaves in effect only the question of valuation.

Respondent's determination rests solely, it is admitted, on the value of 60 cents per M feet employed in the settlement of a Federal estate tax case (the decedent having been the husband of one of the petitioners) in 1923.

The principal factors upon which respondent relies are (1) the amount of hemlock and balsam, about 37 per cent, in the Sutton holdings; and (2) the inaccessibility of western Vancouver Island from the lumber market by reason of its distance from the railhead at Alberni. Respondent's only witness, W. T. Andrews, valuation engineer of forests and forest industry in the Bureau of Internal Revenue, knew of no sales in 1913 on Vancouver Island and admitted that the major factor inducing to his conclusion of valuation at 60 cents per M was the McEwan estate settlement of 1923. We do not think that the valuation found in the McEwan estate settlement is conclusive in this proceeding.

The petitioners produced nine witnesses, all well qualified as to their knowledge of timber values, and also introduced evidence of sales of property from 1909 to 1913 in the vicinity of the property in question, which testimony sustained the valuation of 75 cents per thousand feet claimed by the petitioners.

Upon consideration of all the evidence, we have come to the conclusion, as above stated, that the amount of timber on the Sutton holdings on March 1, 1913, was 2,291,378,000 feet, and that its value, on an average, was 75 cents per M feet. Accordingly, upon a recomputation under Rule 50, these figures should be used to determine the profit or loss resulting from the sale in 1922.

*Judgment will be entered under Rule 50.*